## WEATHERS v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. December 6, 1920. Rehearing Denied February 14, 1921.)

No. 3544.

Criminal law ⊕=371(8)—Evidence of similar offenses admissible to show intent.

Evidence in a prosecution for assault with intent to commit robbery, and to steal fish, tending to show that shortly before the offense charged defendant had committed a similar offense, *held* admissible, where its effect was properly limited to the showing of intent.

In Error to the District Court of the United States for Division No. 1 of the District of Alaska; Robert W. Jennings, Judge.

Criminal prosecution by the United States against Al Weathers. Judgment of conviction, and defendant brings error. Affirmed.

⊕=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

O. P. Hubbard and Henry Roden, both of Juneau, Alaska, for plaintiff in error.

James A. Smiser, U. S. Atty., of Juneau, Alaska.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. On writ of error from a judgment of conviction of plaintiff in error under two counts of an indictment charging him, with others, with the crime of assault with intent to commit robbery and to steal fish in the possession of certain named persons. Sections 1897 and 1898, Compiled Laws Alaska 1913.

The evidence is that one Knutson was the master of the cannery tender Forrester, in the employ of the Hoonah Packing Company in Alaska; that on the night of July 7, 1919, he tied his boat, with a scow loaded with fish in tow, to a dolphin at Admiralty Cove, in Alaska; that the master and a member of the crew slept in the same room in the pilot house, and the rest of the crew slept in the forecastle; that about 5 o'clock in the morning of July 8th the master was awakened by shots; that he got up, looked out of the window, and saw a small boat about 2,000 feet away coming in the general direction of the Forrester; that he saw bullets skimming along the water, and heard the hiss of the bullets as they passed the pilot house; that the shooting lasted about 15 minutes, and that probably 50 shots were fired; that after the shooting ceased a bullet hole was found in the bow of the boat, and three or four holes in the scow; that a spent bullet was picked up on the deck; that during the time the shots were fired the boat was recognized as the Diana; that two days later the master saw the same boat at Sisters Island, but she was so far away that he could not see the name; that he changed his course and went in the direction of the boat; that he had a scow in tow, and could not make speed; that he dropped the scow and made his way toward the boat; that she changed her course and came toward the Forrester; that as she came along witness saw two men come out of the pilot house, one holding a gun in his hand, and saw the men drop a cover over the name on the boat; that the men on the Diana called out, "Come on, you square heads!" The defendant was recognized on the deck of the Diana two days after the shooting, and was then carrying a gun.

By several of the errors assigned the plaintiff in error questions rulings admitting certain evidence tending to show that on July 10th, which was two days after the shooting, witnesses recognized the boat Diana as the same boat from which the firing had come on July 8th. It is also said that it was error on the part of the court to admit testimony of a witness who said that he had seen the defendant upon the Diana several days after the occurrence. But, as the important point was identification of the defendant, it is clear to us that the court was correct in admitting the testimony for the purpose of establishing his identity, and also that of the boat.

Plaintiff in error excepted to a ruling of the court admitting testimony to the effect that on June 30th, before the occurrence charged in the indictment, certain fish traps in Admiralty Cove had been open-

ed, and fish had been stolen therefrom. The court admitted such testimony after assurances had been given by the district attorney that it would be connected with the offense charged in the indictment. Afterwards one of the witnesses stated that in his best judgment the boat which he had seen about the traps on June 30th was the Diana, and other witnesses said that they recognized defendant as very like one of the men they had seen on the Diana on June 30th, and that they believed defendant was the man they had seen at that time. For instance, the witness Ferguson was asked whether he had known the defendant Weathers by sight on June 30th. His answer was that he did not know him at that time. We quote what follows:

"Q. When did you see him next? A. I seen him here in the courtroom. Q. You recognized him as the man? A. Yes. He looked very much like the man. Q. To the best of your belief, state whether or not he was the man. A. There is no doubt in my mind but what he is the man."

It was not error to admit evidence which tended to show that defendant was guilty of other similar offenses committed shortly before the time of the offense charged in the indictment. The court expressly charged the jury that the evidence of such other transactions was admitted solely as bearing upon the question of intent; that, if defendant did not do the shooting or make the assault charged, then it would not make any difference what other offenses he might have been guilty of, or with what intent any other things were done; but, if it was found that the defendant did make the assault as charged, then evidence bearing upon other assaults with intent to kill, or to rob or steal from fish traps, could be taken into consideration only as bearing upon the question of intent with which the acts charged in the indictment were done. This statement of the law conforms with well-established rules. Moffatt v. United States, 232 Fed. 522, 146 C. C. A. 480; Deason v. United States, 254 Fed. 259, 165 C. C. A. 547; certiorari denied, 249 U. S. 607, 39 Sup. Ct. 290, 63 L. Ed. 799; Byron v. United States, 259 Fed. 371, 170 C. C. A. 347; Riddell v. United States, 244 Fed. 695, 157 C. C. A. 143.

We find no error, and affirm the judgment.

Affirmed.